**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN C. DAVIS, No. 030754
Direct: (602) 288-1610 ext. 432
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZIONA**

| | |
|---|---|
| Jasmine Gardner,<br><br>        Plaintiff,<br><br>vs.<br><br>Badada Inn and Suites, Inc., an Arizona corporation also d/b/a Quality Inn and Suites; Days Inn and Suites of Surprise, Inc., an Arizona corporation also d/b/a Amba Inc. Days Inn and Suites; an Arizona Limited Liability Company; Anilkumar Patel and Anita Patel, husband and wife; Tristar Hotel Group, LLC<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff alleges:

## NATURE OF THE CASE

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. Employers must compensate employees for all work that employers permit

employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3. Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 USC §201 *et seq.* (hereinafter FLSA) and specifically the overtime provision of the FLSA found at §207(a).

4. For at least three years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. Plaintiff was also terminated in response to asking for her overtime wages. She was retaliated against in violation of the FLSA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

7. Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

8. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

9. At all times material hereto, Plaintiff was and continues to be a resident of

Maricopa County, Arizona.

10. Defendants Badada Inn and Suites, Inc. also d/b/a Quality Inn and Suites is incorporated in the State of Arizona with their principle place of business in Surprise, Arizona.

11. Days Inn and Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites, is incorporated in the State of Arizona with their principle place of business in Surprise, Arizona. .

12. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendants Anilkumar and Anil Patel were and are the owners of Badada Inn and Suites, Inc. also d/b/a Quality Inn and Suites and Days Inn and Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites.

13. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendant Tristar Hotel Group LLC is incorporated in the State of Arizona with their principal place of business in Phoenix, Arizona.

14. Tristar Hotel Group, LLC was hired by the other Defendants to be the property manager for the hotels.

15. Anita Patel is Anilkumar Patel's wife. Anilkumar Patel and Anita Patel have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

16. Upon information and belief, at all times material hereto, Defendants Anilkumar Patel and Anita Patel were and are residents of Maricopa County, Arizona.

17. At all relevant times, Plaintiff was an "employee" of Tristar Hotel Group, LLC, Badada Inn and Suites, Inc. also d/b/a Quality Inn and Suites, and Days Inn and Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites, as defined by 29 U.S.C. §203(e)(1).

18. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Tristar Hotel Group, LLC, Badada Inn and Suites, Inc. also d/b/a Quality Inn and

1  Suites, and Days Inn and Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites.

2      19.    At all relevant times, Tristar Hotel Group, LLC, Badada Inn and Suites, Inc. also
3  d/b/a Quality Inn and Suites, and Days Inn and Suites of Surprise, Inc. also d/b/a Amba Inc.
4  Days Inn and Suites, were and continue to be an employer as defined in 29 U.S.C. § 203(d).

5      20.    Badada Inn and Suites, Inc. also d/b/a Quality Inn and Suites, and Days Inn and
6  Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites, are under common control.

7      21.    Tristar Hotel Group, LLC, Badada Inn and Suites, Inc. also d/b/a Quality Inn and
8  Suites, and Days Inn and Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites,
9  were joint employers of Plaintiff.

10      22.    Tristar Hotel Group, LLC, Badada Inn and Suites, Inc. also d/b/a Quality Inn and
11  Suites, and Days Inn and Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites,
12  acted directly and/or indirectly in the interest of one another.

13      23.    Tristar Hotel Group, LLC, Badada Inn and Suites, Inc. also d/b/a Quality Inn and
14  Suites, and Days Inn and Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites, are
15  not disassociated with respect to the employment of Plaintiff.

16      24.    Tristar Hotel Group, LLC, Badada Inn and Suites, Inc. also d/b/a Quality Inn and
17  Suites, and Days Inn and Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites,
18  shared control of Plaintiff.

19      25.    Tristar Hotel Group, LLC, Badada Inn and Suites, Inc. also d/b/a Quality Inn and
20  Suites, and Days Inn and Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites, had
21  the power to hire and fire Plaintiff.

22      26.    Tristar Hotel Group, LLC, Badada Inn and Suites, Inc. also d/b/a Quality Inn and
23  Suites, and Days Inn and Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites,
24  supervised and controlled Plaintiff's work schedules or conditions of employment.

25      27.    Tristar Hotel Group, LLC, Badada Inn and Suites, Inc. also d/b/a Quality Inn and

1  Suites, and Days Inn and Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites,
2  determined the rate and method of payment to Plaintiff.

3      28.    Tristar Hotel Group, LLC, Badada Inn and Suites, Inc. also d/b/a Quality Inn and
4  Suites, and Days Inn and Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites,
5  maintained employment records.

6      29.    Tristar Hotel Group, LLC, Badada Inn and Suites, Inc. also d/b/a Quality Inn and
7  Suites, and Days Inn and Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites, had
8  complete economic control over the employment relationship with Plaintiff.

9      30.    Defendants Anilkumar and Anita Patel are deemed an "employer" for purposes
10 of the FLSA, including, without limitation, 29 U.S.C. §216, and are co-equally liable with
11 Tristar Hotel Group, LLC, Defendant Badada Inn and Suites, Inc. also d/b/a Quality Inn and
12 Suites, and Days Inn and Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites, for
13 all matters.

14     31.    All Defendants are co-equally liable for all matters.

15     32.    Defendants Anilkumar and Anil Patel made all decisions on the daily activities of
16 their employees and makes all decisions regarding pay policies and exerted financial and
17 operative control over Badada Inn and Suites, Inc. also d/b/a Quality Inn and Suites, and Days
18 Inn and Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites, and is therefore
19 individually liable under the FLSA.

20     33.    Defendants Anilkumar and Anil Patel had the power to close Badada Inn and
21 Suites, Inc. also d/b/a Quality Inn and Suites, and Days Inn and Suites of Surprise, Inc. also
22 d/b/a Amba Inc. Days Inn and Suites.

23     34.    Defendants Anilkumar and Anil Patel had the power to hire and fire employees.
24     35.    Defendants Anilkumar and Anil Patel hired managerial employees.
25     36.    Defendants Anilkumar and Anil Patel maintained employment records.

1    37.    Defendants Anilkumar and Anil Patel profited from the FLSA violations detailed
2  in this complaint.
3    38.    At all times material to this action, Tristar Hotel Group, LLC, Badada Inn and
4  Suites, Inc. also d/b/a Quality Inn and Suites, and Days Inn and Suites of Surprise, Inc. also
5  d/b/a Amba Inc. Days Inn and Suites, were and are an enterprise engaged in commerce or in
6  the production of goods for commerce as defined by §203(s)(1) of the FLSA.
7    39.    Upon information and belief, at all relevant times, the annual gross revenue of
8  Tristar Hotel Group, LLC, Badada Inn and Suites, Inc. also d/b/a Quality Inn and Suites, and
9  Days Inn and Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites, exceeded
10 $500,000.00.

## FACTUAL BACKGROUND

12    40.    Defendants own and operate two hotels that are at the center of this complaint.
13    41.    One hotel is shelled under the corporation Badada Inn and Suites, Inc. also d/b/a
14 Quality Inn and Suites, it is a Quality Inn and Suites Franchise located at 16741 North
15 Greaswood Street, Surprise, Arizona 85374.
16    42.    The other hotel is shelled under the corporation Days Inn and Suites of Surprise,
17 Inc. also d/b/a Amba Inc., it is a Days Inn and Suites Franchise located at 12477 West Bell
18 Road, Surprise, Arizona 85374.
19    43.    Badada Inn and Suites, Inc. also d/b/a Quality Inn and Suites, and Days Inn and
20 Suites of Surprise, Inc. also d/b/a Amba Inc. Days Inn and Suites, own and operate these hotels
21 through their owners, Anilkumar and Anita Patel.
22    44.    Tristar Hotel Group LLC was hired by the Patel's to operate as the property
23 management for both hotels. Tristar provided employees who were the direct supervisor of
24 Plaintiff. Tristar determined employee hours, rates of pay, and shared full control over
25 Plaintiff. Tristar directly reported to the Patel's in the operation of the hotels.

1      45.      Plaintiff was hired by the Defendants in January of 2010 to work as a front desk
2 clerk, working morning and to train to be a night auditor.

3      46.      Plaintiff worked for Defendants until January of 2012 when she was terminated.

4      47.      In approximately October of November of 2012, Anilkumar Patel approached
5 Plaintiff and re-hired her to work for the hotels.

6      48.      Plaintiffs responsibilities included making reservations, checking in and
7 checking out guests, acting as a concierge, and was in charge of overall guest relations
8 including during her night shifts closing out client accounts.

9      49.      Plaintiff originally earned $8.25 per hour. By the end of her employment she was
10 earning $9 per hour.

11      50.      Defendants told Plaintiff at hire that she was to work at both hotels, and that her
12 weekly schedule would be comprised of work at both hotels.

13      51.      During a typical work week, Plaintiff would regularly visit both hotels and
14 perform the services required of her.

15      52.      Plaintiff was a non-exempt employee.

16      53.      Plaintiff was not a manager.

17      54.      Plaintiff did not exercise discretion and independent judgment with respect to
18 matters of significance.

19      55.      Plaintiff was paid her regular hourly rate for all hours, including those over 40.

20      56.      Defendants would never pay Plaintiff 1.5x her regular rate for hours worked
21 above 40. Rather, Defendants would split Plaintiff's time worked between the two hotels so
22 that her hours on her paystub would never indicate she worked over 40 hours in a work week.

23      57.      For example, for the pay period spanning the days of 2/10/2014 through
24 2/23/2014, Plaintiff received two paychecks. The first paycheck, from Days Inn and Suites of
25 Surprise, Inc. also d/b/a Amba Inc. paid Plaintiff for 74.05 hours at $8.25 in the two week

1 period. The second paycheck, from Badada Inn and Suites, Inc. also d/b/a Quality Inn and

2 Suites paid Plaintiff for 16.50 hours at $8.25. By splitting the hours over two paychecks,

3 Defendants deprived Plaintiff of 10.55 hours of overtime compensation.

4     58.    As further example, for the pay period spanning the days of 12/29/2014 through

5 1/11/2015, Plaintiff received two paychecks. The first paycheck, from Badada Inn and Suites,

6 Inc. also d/b/a Quality Inn and Suites paid Plaintiff for 80 hours at $9 in the two week period.

7 The second paycheck, from Days Inn and Suites of Surprise, Inc. also d/b/a Amba Inc. paid

8 Plaintiff for 10.15 hours at $9. By splitting the hours over two paychecks, Defendants deprived

9 Plaintiff of 10.15 hours of overtime compensation.

10     59.    Paragraphs 54 and 55 are just examples, as Plaintiff regularly and consistently

11 worked overtime hours and Defendants always used their split check methodology to deprive

12 Plaintiff of her overtime compensation.

13     60.    All hours were paid at straight time, including Plaintiff's overtime hours.

14     61.    From her hire date through March 2015, Plaintiff would regularly work 5 (five)

15 to 20 (twenty) hours of overtime per week without being compensated at time and one half for

16 those hours.

17     62.    In approximately November of 2014, Plaintiff began having to cover the "grave

18 yard" shifts as another employee of Defendants constantly was not showing up to work.

19     63.    Plaintiff worked a 3 p.m. to 5 a.m. shift and remained clocked in during this

20 period.

21     64.    Once Defendants realized Plaintiff worked the 14 hour period, a Tristar manager

22 working for Defendants berated Plaintiff for remaining clocked in and told Plaintiff that her

23 time card was going to be adjusted Plaintiff's time so that she would not be paid overtime for

24 those hours.

25     65.    Plaintiff began complaining about the overtime policy.

66. In December of 2014, the General Manager (Tristar), Krista, told Plaintiff that the Patel's were upset with Plaintiff for complaining about her overtime hours.

67. The Patel's terminated GM Krista, partly because Krista would not terminate Plaintiff as Plaintiff was a stellar employee.

68. In March of 2014, after the new GM was hired, Defendants told Plaintiff that her hours would be cut dramatically.

69. Plaintiff called Defendant Anilkumar Patel to complain about being retaliated against, not being on the schedule and her hours being cut. Anilkumar Patel did not answer, Plaintiff left a voicemail.

70. Less than one week after Plaintiff called Anilkumar Patel, she was terminated by Defendants.

71. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were/was willful as Plaintiff complained about this policy on multiple occasions without any change in policy.

72. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

73. Defendants unlawfully retaliated against Plaintiff by terminating her after she demanded her overtime wages.

74. Plaintiff has retained the law firm of Phillips Dayes National Employment Law Firm PC to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

**COUNT ONE**
**VIOLATION OF FAIR LABOR STANDARDS ACT §207**

75. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

76. While employed by Defendant, Plaintiff consistently and regularly worked overtime.

77. Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

78. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with § 207 of the FLSA.

79. Under 29 U.S.C. § 216 Defendants are liable to Plaintiff for an amount equal to one and one-half times her regular pay rate for each hour of overtime worked per week.

80. In addition to the amount of unpaid wages owed to Plaintiff, she is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

81. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

82. Defendants have not made a good faith effort to comply with the FLSA.

83. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

## COUNT TWO
## RETALIATION IN VIOLATION OF THE FLSA

84. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

85. Plaintiff was retaliated against for exercising her rights under the FLSA.

86. Pursuant to FLSA, 29 U.S.C. § 215(a)(3), "it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed a complaint or instituted or caused to be instituted any proceedings under or related to this chapter, or has testified or is about to testify in any such proceedings, or has served or is about to serve on an industry committee…"

87. Such conduct not only includes formal complaints with a court or the Department of Labor, but also informal complaints to an employer. *See Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1151 (9th Cir. 2000).

88. Plaintiff was terminated in direct retaliation for demanding her earned overtime wages which were refused to her.

89. Plaintiff has suffered emotional distress, mental anguish, lost past and future wages as a result of Defendants' retaliatory conduct.

90. As a result of Defendants' retaliatory conduct, Plaintiff is entitled to compensatory damages, punitive damages, attorneys' fees and costs, and all other legal or equitable relief permitted under 29 U.S.C. § 216.

**COUNT THREE**
**DECLARTORY JUDGMENT**

91. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

92. Plaintiff and Defendants have an overtime compensation dispute pending.

93. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

94. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

    a. Defendants employed Plaintiff.

    b. The corporate Defendants are joint employers of Plaintiff.

    c. Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

    d. Plaintiff individually is covered by the overtime provisions of the FLSA.

    e. Plaintiff was not an exempt employee pursuant to the FLSA.

    f. Defendants failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

    g. Defendants' failures to pay overtime compensation to Plaintiff were willful.

    h. Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiff's regular rate of pay.

    i. Plaintiff is entitled to an equal amount as liquidated damages.

    j. Plaintiff is entitled to recover her costs and a reasonable attorney's fee incurred in prosecuting her claim.

95. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

96. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due to her for all of her time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiff's regular rate while at work for Defendants;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff's reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. For Plaintiff's costs incurred in this action;

e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g. Awarding Plaintiff compensatory damages, punitive damages, attorneys' fees and costs, and all other legal or equitable relief permitted under 29 U.S.C. § 216 for Defendants' unlawful retaliation in violation of the FLSA.

h. Awarding Plaintiff back-pay and front-pay for Defendants' unlawful retaliation in violation of the FLSA.

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

b. For Plaintiff's costs incurred in this action.

c. Awarding Plaintiff's reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

d. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: May 15, 2015          Respectfully submitted,

**PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

By  /s/Trey Dayes
Trey Dayes
treyd@phillipsdayeslaw.com

Attorneys for Plaintiff